UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**UNITED STATES OF AMERICA**

                **-v-**                                **01-CR-280**

**SAQUAN LEWIS,**

                **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Hon. Glenn T. Suddaby
United States Attorney, Northern District of New York
Lisa M. Fletcher, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261

Office of the Federal Public Defender
Lisa A. Peebles, Esq., of counsel
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Defendant moves (Dkt. No. 437) for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base offenses. *See* U.S.S.G. § 2D1.1(c). If defendant's motion is granted he will be eligible for immediate release, effective March 3, 2008. As set forth below, the motion is denied.

On September 6, 2002, the Court accepted defendant's plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)

and 846 (Fourth Superseding Indictment, Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 8), both felonies. Defendant's offense level was 29 with a criminal history category of II, resulting in a Guideline range of 97 to 121 months.  However, Count 1 carried a statutory mandatory minimum sentence of 240 months.  *See* 21 U.S.C. § 841(b)(1)(A).  The government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, based on defendant's substantial assistance.  The Court granted the motion and, on January 21, 2003, imposed two concurrent sentences totaling 100 months.

The government now argues that defendant is not eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) because his sentence was based on the statutory minimum, not the Guidelines, and therefore was unaffected by the Guideline amendments.  The Court agrees. Because the 240-month statutorily required minimum was greater than the maximum of the applicable Guidelines range, the statutory minimum became the Guidelines sentence.  *See* U.S.S.G. § 5G1.1(b); *United States v. Richardson*, __F.3d__, 2008 WL 398969, *8 (2d Cir. 2008); *see also United States v. Mueller*, 27 F.3d 494, 496-97 (10th Cir 1994).  The Court arrived at defendant's sentence by applying the downward departure authorized by 18 U.S.C. § 3553(e)[1] to the statutory minimum established in 21 U.S.C. § 841(b); the sentencing range in the Guidelines had no bearing on defendant's sentence.  Accordingly, defendant has not been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] As explained in *Richardson*, where the statutory minimum sentence becomes the Guidelines sentence, U.S.S.G. § 5K1.1 "does not, in and of itself, authorize a district court to depart below a statutory minimum – such a departure may only occur pursuant to a government motion made under 18 U.S.C. § 3553(e)."  2008 WL 398969 at *8.

lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[.]"[2]  18 U.S.C. § 3582(c)(2).  He is not eligible for modification of his sentence under section 3582(c)(2), and his motion must be denied.

This conclusion is fully supported by the Sentencing Commission's amendment to the policy statement regarding reductions in sentences resulting from amendments to the guideline range.  The amended policy statement provides that a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) where the guideline amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B) (effective March 3, 2008).  Further, subsection 1(A) of the Application Notes to amended section 1B1.10 states that a reduction in a defendant's sentence is not authorized under section 3582(c)(2) and "is not consistent with this policy statement if: ... (ii) an amendment [to the Guideline range] ...is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a <u>statutory</u> <u>mandatory</u> <u>minimum</u> term of imprisonment)."  (Emphasis added.)

It is therefore

ORDERED that defendant's motion to reduce his sentence (Dkt. No. 437) is denied.

IT IS SO ORDERED.

February 26, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

[2]  28 U.S.C. § 994(o) provides that the United States Sentencing Commission to "periodically shall review and revise, in consideration of comments and data coming to its attention, the [sentencing] guidelines promulgated pursuant to the provisions of this section."