UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**UNITED STATES OF AMERICA**

                    **-v-**                                 **01-CR-280**

**SAQUAN LEWIS,**

                    **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Hon. Glenn T. Suddaby
United States Attorney, Northern District of New York
Lisa M. Fletcher, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261

Office of the Federal Public Defender
Lisa A. Peebles, Esq., of counsel
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Defendant moves (Dkt. No. 442) for reconsideration of the Court's Order (Dkt. No. 441), dated February 26, 2008, denying defendant's motion to reduce his sentence (Dkt. No. 437) pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base offenses. *See* U.S.S.G. § 2D1.1(c). The Court summarizes defendant's sentencing history in the February 26, 2008 Order and does not repeat it here. Essentially, plaintiff pleaded guilty to two counts, one of which was conspiracy to distribute and possess with intent to distribute cocaine base. *See* 21 U.S.C. §§ 841(a)(1); 846.

Because the statutory minimum of 240 months applicable to defendant on that count, *see* 21 U.S.C. § 841(b)(1)(A), exceeded his Guidelines range of 97 to 121 months, the Court treated the statutory minimum as defendant's Guidelines sentence. *See* U.S.S.G. § 5G1.1(b); *United States v. Richardson*, __F.3d__, 2008 WL 398969, *8 (2d Cir. 2008). Upon granting the Government's motion for a downward departure for substantial assistance, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, the Court departed downward from 240 months to reach a total sentence of 100 months.

In its February 26, 2008 decision denying defendant's motion to reduce his sentence, the Court reasoned that defendant's sentence had been based on the statutory minimum (which had become his Guidelines sentence), and not on the drug quantity table amended by the Sentencing Commission, and that therefore defendant had not been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2) (emphasis added). As such, he was not eligible for a section 3582(c)(2) modification. Further, due to the statutory minimum, the Guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (effective March 3, 2008); *and see* subsection 1(A) of the Application Notes to amended section 1B1.10, stating that a reduction in a defendant's sentence is not authorized under section 3582(c)(2) and "is not consistent with this policy statement if: ... (ii) an amendment [to the Guideline range] ...is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." (Emphasis added.) Thus, a reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

On this reconsideration motion, for the first time, defendant refers to Application Note 7 to U.S.S.G. § 2D1.1, which states that a mandatory minimum "may be 'waived' and a lower sentence imposed (including a downward departure), as provided by 28 U.S.C. § 994(n)" (internal quote in original) by reason of a defendant's substantial assistance. The Court does not read this Application Note as somehow transforming the statutory minimum into a "guideline range" that was lowered by Amendment 706 to the Guidelines. Such a reading is not supported by 28 U.S.C. § 994(n) (directing the Sentencing Commission to assure that the Guidelines reflect the "general appropriateness" of imposing a sentence below a mandatory minimum to take into account a defendant's substantial assistance), or by 18 U.S.C. § 3553(e) (authorizing the court to impose a sentence below a mandatory minimum to reflect a defendant's substantial assistance). Nor would such a reading be consistent with the Second Circuit's analysis in *Richardson*, 2008 WL 398969 at *9 ("When, as here, the Guidelines sentence ends up as the statutory minimum, any reduction may be based only on substantial assistance to the government and on no other mitigating considerations."). The Ninth Circuit has rejected the construction placed by defendant on the term "waiver" in U.S.S.G. § 2D1.1. *See United States v. Auld*, 321 F.3d 861, 866 (9th Cir. 2003) (stating that the term "waiver" means only that "the mandatory nature of the statutory minimum is dispensed with, thus permitting the imposition of a sentence below that minimum"); *see also United States v. Mueller*, 27 F.3d 494, 496-97 (10th Cir 1994). Defendant's argument lacks merit. Nor does defendant raise any other meritorious argument on this motion.

On a motion to reconsider, a court may justifiably reconsider its previous ruling if there is an intervening change in the controlling law, if new evidence not previously available comes to light, or if reconsideration is necessary to remedy a clear error of law or to prevent manifest

injustice. *See Doe v. New York City Dep't of Soc. Servs*., 709 F.2d 782, 789 (2d Cir. 1983). A motion for reconsideration should not be granted where movant merely seeks to advance new theories in support of its position on an issue previously decided, or otherwise to take a "second bite at the apple." *Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted). Here, defendant has not demonstrated that the Court's Order of February 26, 2008 rested on a clear error of law. Nor has defendant shown any other basis for reconsideration.

It is therefore

ORDERED that defendant's motion for reconsideration (Dkt. No. 442) is denied.

IT IS SO ORDERED.

February 28, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge